STEPHEN A. HIGGINSON, Circuit Judge,
dissenting:
Although I agree with the majority that the district court did not err by deciding litigation-conduct waiver, I would hold that PLS’s conduct did not amount to waiver of arbitration. I believe the question is close, due largely to the unique procedural nature of theft-by-check cases — especially here, where there is evidence that PLS not only intended to force repayment of these loans by submitting worthless check affidavits, but in fact achieved that result. However, my read of our law in Subway Equipment is that more is required for a party to have “substantially invoke[d] the judicial process.” Subway Equipment Leasing Corp. v. Forte, 169 F.3d 324, 326 (5th Cir. 1999).
To the extent it applies, my read of Texas law is the same. See Cash Biz, LP v. Henry, No. 04-15-00469-CV, 2016 WL 4013794, at *6 (Tex. App. — San Antonio July 27, 2016, pet. filed) (“To waive arbitration, the party must engage in some overt act in court that evince[s] a desire to resolve the arbitrable dispute through litigation rather than arbitration.” (internal quotation marks and citations omitted)). Furthermore, even accepting its legal framework, I view the Nevada Supreme Court’s decision in Harrison as distinguishable due to the particularly overt and affirmative steps taken by the lender in that case, namely, “filling] ... individual collection actions in justice court” and “se-cur[ing] thousands of default judgments against ... borrowers who failed to appear and defend the collection lawsuits.” Principal Invs., Inc. v. Harrison, 132 Nev. Adv. Op. 2, 366 P.3d 688, 690-91 (2016).
I share the majority’s discomfort that PLS may be gaming the system through its submission of the worthless check affidavits, which is inconsistent with the company’s current pro-arbitration stance. As Appellees note, attempting to secure repayment through the local district attorney’s office not only provides PLS with two bites at the apple, but also allows it to avoid potential costs associated with arbitration, such as arbitrator and attorney’s fees. Nevertheless, I believe our law requires something more than the actions alleged here.
Accordingly, I respectfully dissent.